IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WILLIAMS, | : | CIVIL NO. 3:CV-14-1264 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN, SCI-DALLAS, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On July 1, 2014, petitioner Richard Williams ("Williams" or "petitioner"), a state inmate currently incarcerated at the State Correctional Institution at Dallas, Pennsylvania (SCI–Dallas), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction because it is a second or successive petition filed by Williams that is not accompanied by the authorization of the Court of Appeals required by 28 U.S.C. § 2254(b)(3)(A).

I.  **Background**

On July 16, 2012, Williams filed his first § 2254 petition in this court. (Doc. 1, Civil No. 3:12-CV-1364). By Memorandum and Order filed October 30, 2013, the undesigned dismissed the petition as time-barred under 28 U.S.C. § 2244(d)(1). (Docs. 15, 16, Civil No. 3:12-CV-1364; see also Williams v. Walsh, No. 3:12-CV-1364, 2013 WL 5874815 (M.D.Pa. Oct. 30, 2013)). On February 20, 2014, the United States Court of Appeals for the Third Circuit denied a certificate of appealability ("COA") stating "[a]s the District Court

explained, Appellant's petition was filed approximately 15 years too late. See 28 U.S.C. § 2244(d)(1). Moreover, Appellant has not made a substantial showing that he is entitled to statutory tolling on the basis of Martinez v. Ryan, 132 S. Ct. 1309, 1319, or tolling on the basis of actual innocence, see McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). Accordingly, we deny Appellant's request for a certificate of appealability. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000)." (Doc. 18, Civil No. 3:12-CV-1364). Several months after the court of appeals denied his request for a certificate of appealability, Williams filed the instant § 2254 petition.

## II. Discussion

In addition to establishing the one year limitation period that barred Williams' first federal habeas petition, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), which amended 28 U.S.C. § 2244, "bars the filing of a second or successive habeas petition unless the petitioner secures leave of the applicable Court of Appeals to proceed." See Scott v. Klem, No. 4:CV-05-1337, 2005 WL 1653165, *2 (M.D.Pa. July 12, 2005) (citing 18 U.S.C. § 2244(b)); Wilson v. York Cnty. Common Pleas Ct., 2005 WL 1229719, at *3 (M.D.Pa. May 24, 2005) (citing Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)) (recognizing that "[t]he Third Circuit clearly held that, absent an order from the circuit court granting leave to a petitioner, a district court does not have subject matter jurisdiction to entertain any petition for writ of habeas corpus that it deems to be a second or successive petition."). Specifically, Section 2244(b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A dismissal of a 28 U.S.C. § 2254 habeas petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders subsequent petitions under § 2254, challenging the same conviction, second or successive petitions under § 2244(b). Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); see Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (finding that a habeas petition filed after a prior petition was dismissed as untimely is a "second or successive" petition under § 2244(b)); Scott, 2005 WL 1653165, at *2 (holding that habeas petition dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes). Therefore, in light of Williams' prior federal habeas petition which was dismissed on October 30, 2013, as time-barred under § 2244(d), the currently pending petition is second or successive.

Since his petition is a "second or successive" petition under § 2244(b), he is required to move in the Court of Appeals for the Third Circuit for an order authorizing such a filing. See 28 U.S.C. § 2244(b)(3)(A); Scott, 2005 WL 1653165, at *2 (dismissing § 2254 petition, finding that District Court lacked jurisdiction due to petitioner's failure to obtain the required authorization to file a second or successive petition); see also Murray, 394 F.3d at 81 (finding state prisoner seeking to file second or successive petition under § 2254 was required to obtain authorization from the Court of Appeals). Because Williams fails to present such authorization from the Court of Appeals, his petition must be dismissed for lack of jurisdiction. See Rinick, 2006 WL 1284943, at *3; Wilson, 2005 WL 1229719, at *3 (citing

3

Robinson, 313 F.3d at 139) (dismissing second or successive petition for failure to obtain authorization from Court of Appeals).

### III. Conclusion

Based on the foregoing, the petition will be dismissed without prejudice to petitioner to seek approval to file a second or successive habeas petition from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1), "an appeal may not be taken to the court of appeals" from the final order in a § 2254 proceeding unless a certificate of appealability ("COA") is issued. 28 U.S.C. § 2253(c)(1)(A). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the court declines to issue a COA.

An appropriate order will issue

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:      August 7, 2014